UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Michael Wagner, Levi Ingersoll,
Ken Fenwick, Sidney Alpaugh
and similarly situated individuals

                Plaintiffs,

                -against-

THE COUNTY OF SCHENECTADY,
SUSAN SAVAGE, both individually and in her
official capacity as Chair of the Schenectady
Legislature, SCHENECTADY COUNTY
SHERIFF'S OFFICE, HARRY BUFFARDI,
both individually and in his capacity
as Sheriff of the County of Schenectady,
GORDON POLLARD, both individually and in his
capacity as Undersheriff of the County of
Schenectady, ERIE COUNTY, CHRIS COLLINS,
both individually and in his capacity as Erie County
Executive, ERIE COUNTY SHERIFF'S OFFICE,
TIMOTHY B. HOWARD, individually and in his
capacity as Sheriff of the County of Erie, HARRY J.
CORBITT, Individually, and his capacity as the
Superintendent of the New York State
Police, DAVID J. SWARTS both
individually and in his capacity as the Chair of
the Governor's Traffic Safety Committee,
WILLIAM SPRAGUE both individually and in
his capacity as a Major in the New York State
Police, DANIEL LARKIN both individually
and in his capacity as a lieutenant in the New
York State Police, and JIM HALVERSEN both
individually and in his capacity as a lieutenant
in the New York State Police and JOHN DOES 1 -20,
said JOHN DOES being New York State
police troopers and agents servants and/or
employees of Erie County, Schenectady County, the
Erie County Sheriff's Office and/or the Schenectady
County Sheriff's Office
                    Defendants.
-----------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and §1988 in which the plaintiffs, MICHAEL WAGNER, LEVI INGERSOLL, KEN FENWICK, SIDNEY ALPAUGH and other similarly situated individuals seek relief for the defendants' violations of their rights secured by the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Plaintiffs seek monetary damages, both compensatory and punitive, declarative and injunctive relief, an award of costs and attorneys' fees and such other and further relief as this Court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C.§1983 and 42 U.S.C.§ 1988. Jurisdiction is conferred on this Court by 42 U.S.C. §1983 and 28 U.S.C. §1331 and §1343 this being an action seeking redress for violations of plaintiffs' constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiffs demand a trial by jury on each and every one of the claims herein.

## VENUE

4.  Venue is proper for the United States District Court for the Northern District of New York pursuant to 28 U.S.C. §1391 (b) and (e).

## PARTIES

5.  Plaintiffs bring this action on behalf of themselves and all other persons similarly situated, pursuant to Fed. R. Civ. P. 23. Plaintiffs represent a class consisting of motorcyclists who wish to travel New York State roadways in order to assemble at motorcycle rallies held in New York State and Canada.  The claims raised by the plaintiffs are typical of the claims of the class, and are based on common issues of law and fact; members of the class are so numerous that joinder of all members is impractical; the defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief as well as compensatory and punitive damages with respect to the class as a whole; and plaintiffs will fairly and adequately protect the interests of the class.

6.  The plaintiff MICHAEL WAGNER is a motorcyclist. At all times relevant herein plaintiff MICHAEL WAGNER was a resident of the State of New York, County of Saratoga.

7.  The plaintiff LEVI INGERSOLL is a motorcyclist. At all times relevant herein, plaintiff LEVI INGERSOLL was a resident of the State of New York, County of Ulster.

8.  The plaintiff KEN FENWICK is a motorcyclist. At all times relevant herein, plaintiff KEN FENWICK was a resident of the State of Connecticut, County of New Haven.

9.  The plaintiff SIDNEY ALPAUGH is a motorcyclist. At all times relevant herein, plaintiff

SIDNEY ALPAUGH was a resident of the State of Pennsylvania, County of Lycoming.

10. The defendant COUNTY OF SCHENECTADY is a municipal corporation existing under and by virtue of the laws of the State of New York. It is authorized by law to maintain a Sheriff's Office which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

11. The defendant SCHENECTADY COUNTY SHERIFF'S OFFICE is an agency of the defendant COUNTY OF SCHENECTADY.

12. The defendant HARRY BUFFARDI is the Sheriff of the Schenectady County Sheriff's Office. The defendant is a duly appointed and acting officer, servant, employee and/or agent of the COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE. Said defendant was at all times relevant herein acting under color of state law; acting in the course and scope of his duties and functions as an officer, agent, servant and/or employee of the COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE; was acting for, on behalf of and with the authority vested in him by the COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE, and was otherwise performing and engaging in conduct incidental to the performance of his functions in the course of his duties.

13. The defendant GORDON POLLARD is the Undersheriff of the SCHENECTADY COUNTY SHERIFF'S OFFICE. The defendant is a duly appointed and acting officer, servant, employee and/or agent of the COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE. Said defendant was at all times relevant herein acting under color of state law, acting in the course and scope of his duties and functions as an officer,

agent, servant and/or employee of the COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE; was acting for, on behalf of and with the authority vested in him by the COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

14. The defendant SUSAN SAVAGE is the Chair of the Schenectady County Legislature. The defendant is a duly appointed and acting officer, servant, employee and/or agent of the COUNTY OF SCHENECTADY. Said defendant was at all times relevant herein acting under color of state law, acting in the course and scope of her duties and functions as an officer, agent, servant and/or employee of the COUNTY OF SCHENECTADY; was acting for, on behalf of and with the authority vested in her by the COUNTY OF SCHENECTADY; and otherwise performing and engaging in conduct incidental to the performance of her lawful functions in the course of her duties and acting under color of state law.

15. The defendant COUNTY OF ERIE is a municipal corporation existing under and by virtue of the laws of the State of New York. It is authorized by law to maintain a Sheriff's Office which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

16. The defendant ERIE COUNTY SHERIFF'S OFFICE is an agency of the defendant COUNTY OF ERIE.

17. The defendant CHRIS COLLINS is the Erie County Executive. The defendant is a duly appointed and acting officer, servant, employee and/or agent of the COUNTY OF ERIE. Said defendant was at all times relevant herein acting under color of state law; acting in the

course and scope of his duties and functions as an officer, agent, servant and/or employee of the COUNTY OF ERIE; was acting for, on behalf of and with the authority vested in him by the COUNTY OF ERIE, and was otherwise performing and engaging in conduct incidental to the performance of his functions in the course of his duties.

18. The defendant TIMOTHY B. HOWARD is the Sheriff of the ERIE COUNTY SHERIFF'S OFFICE. The defendant is a duly appointed and acting officer, servant, employee and/or agent of the COUNTY OF ERIE and/or ERIE COUNTY SHERIFF'S OFFICE. Said defendant was at all times relevant herein acting under color of state law, acting in the course and scope of his duties and functions as an officer, agent, servant and/or employee of the COUNTY OF ERIE and/or ERIE COUNTY SHERIFF'S OFFICE; was acting for, on behalf of and with the authority vested in him by the COUNTY OF ERIE and/or ERIE COUNTY SHERIFF'S OFFICE, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

19. The defendant DAVID J. SWARTS is the Chair of the New York State Governor's Traffic Safety Committee. The defendant is a duly appointed and acting officer, servant, employee and/or agent of the State of New York. Said defendant was at all times relevant herein acting under color of state law, acting in the course and scope of his duties and functions as an officer, agent, servant and/or employee of the State of New York; was acting for, on behalf of and with the authority vested in him by the State of New York, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

20. The defendant HARRY J. CORBITT is the Superintendent of the New York State Police.

    The defendant is a duly appointed and acting officer, servant, employee and/or agent of the State of New York and/or the New York State Police. Said defendant was at all times relevant herein acting under color of state law, acting in the course and scope of his duties and functions as an officer, agent, servant and/or employee of the State of New York and/or the New York State Police; was acting for, on behalf of and with the authority vested in him by the State of New York and/or the New York State Police, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

21. The defendant WILLIAM SPRAGUE is a Major in the New York State Police. The defendant is a duly appointed and acting officer, servant, employee and/or agent of the State of New York and/or the New York State Police. Said defendant was at all times relevant herein acting under color of state law, acting in the course and scope of his duties and functions as an officer, agent, servant and/or employee of the State of New York and/or the New York State Police; was acting for, on behalf of and with the authority vested in him by the State of New York and/or the New York State Police, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

22. The defendant DANIEL LARKIN is a Lieutenant in the New York State Police. The defendant is a duly appointed and acting officer, servant, employee and/or agent of the State of New York and/or the New York State Police. Said defendant was at all times relevant herein acting under color of state law, acting in the course and scope of his duties and functions as an officer, agent, servant and/or employee of the State of New York and/or the

New York State Police; was acting for, on behalf of and with the authority vested in him by the State of New York and/or the New York State Police, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

23. The defendant JIM HALVERSEN is a Lieutenant in the New York State Police. The defendant is a duly appointed and acting officer, servant, employee and/or agent of the State of New York and/or the New York State Police. Said defendant was at all times relevant herein acting under color of state law, acting in the course and scope of his duties and functions as an officer, agent, servant and/or employee of the State of New York and/or the New York State Police; was acting for, on behalf of and with the authority vested in him by the State of New York and/or the New York State Police, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties

24. JOHN DOES 1-20 were New York State Police Troopers, who have yet to be identified, and/or agents, servants and/or employees of either the COUNTY OF SCHENECTADY, SCHENECTADY COUNTY SHERIFF'S OFFICE, ERIE COUNTY, ERIE COUNTY SHERIFF'S OFFICE, who have yet to be identified, who at all times relevant herein were acting under color of state law and in the course and scope of their duties and functions as officers, agents, servants and/or employees of either the State of New York, the New York State Police, the COUNTY OF SCHENECTADY, THE SCHENECTADY COUNTY SHERIFF'S OFFICE, ERIE COUNTY, and /or ERIE COUNTY SHERIFF'S OFFICE and were acting for, on behalf of and with the authority vested in them by either the State of New

York, the New York State Police; the COUNTY OF SCHENECTADY, the SCHENECTADY COUNTY SHERIFF'S OFFICE, ERIE COUNTY and/or ERIE COUNTY SHERIFF'S OFFICE and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF FACTS

25. The Friday the Thirteenth Motorcycle Rally is a large, organized and well known motorcycle rally which is held every Friday the 13th in Port Dover, Ontario, Canada.

26. The Harley Rendezvous is a large, organized and well known motorcycle rally which is held annually over the course of several days in June at the Indian Lookout Country Club at 1142 Batter Street, Pattersonville, in the State of New York in the County of Schenectady.

27. Upon information and belief, at some point prior to the incidents complained of herein, the defendant DAVID J. SWARTS, in his capacity as the chairman of the New York State Governor's Traffic Safety Committee, provided grants to the New York State Police and various county sheriffs offices for the purpose of setting up motorcycle-only road blocks and seizing and searching motorcyclists who were on their way to the aforementioned rallies for license and equipment violations.

28. Upon information and belief, on June 13, 2008, the defendants ERIE COUNTY, CHRIS COLLINS, TIMOTHY B. HOWARD, DAVID J. SWARTS, HARRY J. CORBITT, WILLIAM SPRAGUE, DANIEL LARKIN, JIM HALVERSEN and JOHN DOES 11-20,

caused a motorcycle-only road block to be established on Interstate I-90 at or near exit 9 in the County of Erie, State of New York because they knew that large numbers of motorcyclists would be using that roadway to travel to the aforementioned Friday the Thirteenth Motorcycle Rally.

29. Upon information and belief, on June 20, 2008, the defendants THE COUNTY OF SCHENECTADY, SUSAN SAVAGE, SCHENECTADY COUNTY SHERIFF'S OFFICE, HARRY BUFFARDI, GORDON POLLARD, DAVID J. SWARTS, HARRY J. CORBITT, WILLIAM SPRAGUE, DANIEL LARKIN, JIM HALVERSEN and JOHN DOES 1-10, caused a motorcycle-only road block to be established on State Route 159 at or near State Route 160 in the County of Schenectady, State of New York because they knew large numbers of motorcyclists would be using that roadway to travel to the aforementioned Harley Rendezvous.

30. Upon information and belief, defendants WILLIAM SPRAGUE, DANIEL LARKIN and JIM HALVERSEN conducted a training briefing for the New York State Police Troopers and agents, officers, servants and employees of defendants COUNTY OF SCHENECTADY, SCHENECTADY COUNTY SHERIFF'S OFFICE, ERIE COUNTY and ERIE COUNTY SHERIFF'S OFFICE who would be working at the aforementioned motorcycle-only road blocks.

31. Upon information and belief, the above briefing stressed that discretion of the New York State Police Troopers and agents, officers, servants and employees of defendants COUNTY OF SCHENECTADY, SCHENECTADY COUNTY SHERIFF'S OFFICE, COUNTY OF ERIE and ERIE COUNTY SHERIFF'S OFFICE involved was "key."

32. Upon information and belief, the above briefing also stressed that the New York State Police Troopers and agents, officers, servants and employees of defendants COUNTY OF SCHENECTADY, SCHENECTADY COUNTY SHERIFF'S OFFICE, COUNTY OF ERIE and ERIE COUNTY SHERIFF'S OFFICE involved had personal discretion to not cite every violation.

33. Upon information and belief, the above briefing also stressed that delays might require that the unnamed New York State Police Troopers, agents, officers, servants and employees of defendants COUNTY OF SCHENECTADY, SCHENECTADY COUNTY SHERIFF'S OFFICE, ERIE COUNTY and ERIE COUNTY SHERIFF'S OFFICE involved wave motorcycles through the motorcycle-only road blocks without inspection.

34. Upon information and belief, the defendants claimed that the purpose of the aforementioned motorcycle-only road blocks and license and equipment inspections was to reduce motorcycle fatalities.

35. Upon information and belief, according the New York State Governor's Traffic Safety Committee, the major causes of motorcycle accident fatalities are unsafe speed of the motorcyclist and failure of automobile traffic to yield the right of way.

36. Upon information and belief, according to the New York State Governor's Traffic Safety Committee, the relationship between motorcycle licensing and equipment violations and motorcycle accidents and fatalities is unknown.

37. Upon information and belief, motorcycle-only road blocks do not address the major causes of motorcycle accidents and therefore do not serve their stated purpose to lower the incident of fatal motorcycle accidents and serve only to infringe upon motorcyclists' constitutional

rights to freedom of speech, freedom of assembly, freedom to travel, freedom from unreasonable searches and seizure and equal protection under the law.

38. Upon information and belief, on June 13, 2008, defendants, COUNTY OF ERIE, ERIE COUNTY SHERIFF'S OFFICE, HARRY J. CORBITT, WILLIAM SPRAGUE, DANIEL LARKIN, JIM HALVERSEN, DAVID SWARTS, CHRIS COLLINS, TIMOTHY B. HOWARD, caused, allowed and permitted New York State Police Troopers and agents, officers, servants and employees of defendants COUNTY OF ERIE and/or ERIE COUNTY SHERIFF'S OFFICE to stop every motorcycle traveling to the aforementioned Friday the Thirteenth Motorcycle Rally on I-90 in the area of exit 9 in the County of Erie, State of New York for the purpose of conducting license and equipment inspections regardless of whether or not there was reasonable suspicion to suspect a violation of any law.

39. Upon information and belief, on June 13, 2008, the defendants COUNTY OF ERIE, ERIE COUNTY SHERIFF'S OFFICE, HARRY J. CORBITT, WILLIAM SPRAGUE, DANIEL LARKIN, JIM HALVERSEN, DAVID SWARTS, CHRIS COLLINS, TIMOTHY B. HOWARD, caused, allowed and permitted motorcycle-only road block to be established on I-90 in the area of exit 9 in the County of Erie, State of New York without any written or explicit plan and without any written or explicit standards as to when or how to initiate, conduct, escalate or terminate searches and inspections of the motorcyclists and their vehicles.

40. On or about June 13, 2008, the plaintiff SIDNEY ALPAUGH, was traveling on his motorcycle to the Friday the Thirteenth Motorcycle Rally in Port Dover, Ontario, Canada.

41. On or about June 13, 2008, at the aforementioned motorcycle-only road block on I-90 in the

area of exit 9 in Buffalo, New York, certain New York State Police Troopers and officers, agents or employees of defendants COUNTY OF ERIE and/or ERIE COUNTY SHERIFF'S OFFICE, identified herein as "JOHN DOES," caused plaintiff SIDNEY ALPAUGH to exit the highway and enter and remain in an enclosed area which they controlled without reasonable suspicion that the plaintiff may have violated any laws of the State of New York.

42. On or about June 13, 2008, on I-90 in the area of exit 9, Buffalo New York, said New York State Police Troopers and officers, agents or employees of defendants COUNTY OF ERIE and/or ERIE COUNTY SHERIFF'S OFFICE performed an arbitrary and capricious seizure and search of plaintiff SIDNEY ALPAUGH's person and motorcycle.

43. On or about June 13, 2008, on I-90 in the Exit of 9, Buffalo, New York, said New York State Police Troopers and agents or employees of defendants COUNTY OF ERIE and/or ERIE COUNTY SHERIFF'S OFFICE detained the plaintiff, SIDNEY ALPAUGH, for approximately twenty to thirty minutes.

44. At no time did plaintiff SIDNEY ALPAUGH feel that he was free to go until he was told he could leave by said New York State Police Troopers and officers, agents or employees of defendants COUNTY OF ERIE and/or ERIE COUNTY SHERIFF'S OFFICE.

45. Upon information and belief, on June 20, 2008, defendants, COUNTY OF SCHENECTADY, SCHENECTADY COUNTY SHERIFF'S OFFICE, HARRY J. CORBITT, WILLIAM SPRAGUE, DANIEL LARKIN, JIM HALVERSEN, SUSAN SAVAGE, HARRY BUFFARDI and GORDON POLLARD caused, allowed and permitted New York State Police Troopers and agents, officers, servants and employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE

to stop every motorcycle traveling to the Harley Rendezvous on State Route 159 at or near State Route 160 in the County of Schenectady, State of New York for the purpose of conducting license and equipment inspections regardless of whether or not there was reasonable suspicion to suspect a violation of any law.

46. Upon information and belief, on June 20, 2008, the defendants COUNTY OF SCHENECTADY, SCHENECTADY COUNTY SHERIF'S OFFICE, HARRY J. CORBITT, DAVID SWARTS, WILLIAM SPRAGUE, DANIEL LARKIN, JIM HALVERSEN, SUSAN SAVAGE, HARRY BUFFARDI and GORDON POLLARD caused, allowed and permitted a motorcycle-only road block to be established on State Route 159 at or near State Route 160 in the County of Schenectady, State of New York without any written plan and without any written standards as to when or how to initiate, conduct, escalate or terminate searches and inspections of the motorcyclists and their vehicles.

47. On or about June 20, 2008 the plaintiff, MICHAEL WAGNER, was traveling on his motorcycle to the Harley Rendezvous in the State of New York, County of Schenectady, town of Pattersonville.

48. On or about June 20, 2008, at the aforementioned motorcycle-only road block on State Route 159 at or near State Route 160, New York State Police Troopers and officers, agents or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE, identified herein as "JOHN DOES," caused plaintiff MICHAEL WAGNER to exit the highway and enter and remain in an enclosed area which they controlled without reasonable suspicion that the plaintiff may have violated any laws of the State of New York.

49. On or about June 20, 2008, on State Route 159 at or near State Route 160, said New York State Police Troopers and officers, agents, servants and/or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE performed an arbitrary and capricious seizure and search of plaintiff MICHAEL WAGNER's person and motorcycle.

50. On or about June 20, 2008, on State Route 159 at or near State Route 160, said New York State Police Troopers and officers, agents, servants an/ or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE detained defendant MICHAEL WAGNER for approximately thirty to sixty minutes.

51. At no time did plaintiff MICHAEL WAGNER feel that he was free to go until he was told he could leave by said New York State Police Troopers and officers, agents, servants and/or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE.

52. On or about June 20, 2008, the plaintiff LEVI INGERSOLL was traveling on his motorcycle to the Harley Rendezvous in the State of New York, County of Schenectady, Town of Pattersonville.

53. On or about June 20, 2008, at the aforementioned motorcycle-only road block on State Route 159 at or near State Route 160, certain New York State Police Troopers and officers, agents, servants and/or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE, identified herein as "JOHN DOES," caused plaintiff LEVI INGERSOLL to exit the highway and enter and remain in an enclosed area which they controlled without reasonable suspicion that the plaintiff may have violated

any laws of the State of New York.

54. On or about June 20, 2008, on State Route 159 at or near State Route 160, said New York State Police Troopers and officers, agents, servants and/or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE performed an arbitrary and capricious seizure and search of plaintiff LEVI INGERSOLL's person and motorcycle.

55. On or about June 20, 2008, on State Route 159 at or near State Route 160, said New York State Police Troopers and officers, agents, servants and/or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE detained plaintiff LEVI INGERSOLL for approximately twenty to twenty-five minutes.

56. At no time did plaintiff LEVI INGERSOLL feel that he was free to go until he was told he could leave by said New York State Police Troopers and officers, agents, servants and/or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE.

57. On or about June 20, 2008, the plaintiff KEN FENWICK was traveling on his motorcycle to the Harley Rendezvous in the State of New York, County of Schenectady, Town of Pattersonville.

58. On or about June 20, 2008, at the aforementioned motorcycle-only road block on State Route 159 at or near State Route 160, certain New York State Police Troopers and officers, agents, servants and/or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE, identified herein as "JOHN DOES," caused plaintiff KEN FENWICK to exit the highway and enter and remain in an enclosed

area controlled by the defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE without reasonable suspicion that the plaintiff may have violated any laws of the State of New York.

59. On or about June 20, 2008, on State Route 159 at or near State Route 160, said New York State Police Troopers and officers, agents or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE performed an arbitrary and capricious seizure and search of plaintiff KEN FENWICK's person and motorcycle.

60. On or about June 20, 2008, on State Route 159 at or near State Route 160, said New York State Police Troopers and officers, agents, servants and/or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE detained plaintiff KEN FENWICK for approximately twenty to thirty minutes.

61. At no time did plaintiff KEN FENWICK feel that he was free to go until he was told he could leave by said New York State Police Troopers and officers, agents or employees of defendants COUNTY OF SCHENECTADY and/or SCHENECTADY COUNTY SHERIFF'S OFFICE.

.

**FIRST CLAIM**
**DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION**
**AND 42 U.S.C. §1983**

62. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63. By their conduct and actions as hereinbefore alleged the defendants have, while acting under the color of state law, deprived the plaintiffs of their constitutional rights as secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983. The defendants intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of the plaintiffs' constitutional rights in establishing motorcycle-only road blocks which were intended to harass motorcyclists who were attempting to travel to motorcycle rallies and to interfere with the plaintiffs' constitutional rights as guaranteed by the foregoing amendments to travel, to assemble, to be free from unreasonable searches and seizure and to equal protection under the law.

64. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, great humiliation, costs and expenses and were otherwise damaged.

### SECOND CLAIM
### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

65. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

66. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, supervise or discipline their subordinates, the defendants DANIEL LARKIN, WILLIAM SPRAGUE, HARRY J. CORBITT, JIM HALVERSEN, SUSAN SAVAGE, HARRY BUFFARDI, GORDON POLLARD, DAVID J. SWARTS, CHRIS COLLINS and TIMOTHY B. HOWARD without lawful justification, intentionally, maliciously and with

a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, violated plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including their First, Fourth, Fifth and Fourteenth Amendments causing injury and damage.

67. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, great humiliation, costs and expenses and were otherwise damaged.

### THIRD CLAIM
### LIABILITY OF COUNTY OF SCHENECTADY
### AND COUNTY OF ERIE FOR CONSTITUTIONAL VIOLATIONS

68. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

69. At all times material to this complaint, defendants, COUNTY OF SCHENECTADY and COUNTY OF ERIE, acting through their sheriff's office and in conjunction with the New York State Police had de facto policies, practices, customs, and usages of detaining, confining and searching motorcyclists, without probable cause, in order to harass them and interfere with the rights guaranteed to them by the Constitution.

70. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, great humiliation, costs and expenses and were otherwise damaged.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

    a.    A declaration that the establishment of motorcycle-only road blocks are unconstitutional and violate the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution;

    b.    An injunction prohibiting the defendants from establishing such road blocks in the future;

    c.    Compensatory damages

    d.    Punitive damages;

    e.    The convening and empaneling of a jury to consider the merits of the claims herein;

    f.    Costs and interest and attorneys' fees;

    g.    Such other and further relief as this court may deem appropriate.

Dated: New York, New York
        May 12, 2009

                Yours, etc.,
                PRONER & PRONER
                Attorneys for Plaintiffs
                60 East 42nd Street, Suite 1448
                New York, NY 10165
                (212) 986-3030

        By: _____
                MITCHELL PRONER (MP 2704)
                A Member of the Firm
                Admitted in the Northern District