| | |
|---|---|
| **From:** | Douglas Goglia |
| **To:** | mproner@prolaw1.com |
| **CC:** | Roberts, David;  Tobi Salottolo <TSalottolo@prolaw1.com> |
| **Date:** | 8/26/2010 1:16 PM |
| **Subject:** | Fwd: RE: Wagner v. Schenectady |
| **Attachments:** | RE: Wagner v. Schenectady; MSF Assessment Reports (GTSC 89 -205).pdf |

Dear Mr. Proner:

I am forwarding herewith NHSTA Assessment reports that were requested by your associate, Ms. Salottolo.  This should complete at least the paper discovery in this matter.  As I informed Ms. Salottolo yesterday, Commissioner Swarts will not be produced for deposition, and we will need to discuss the whether the depositions of the NYSP defendants are to proceed given your firm's failure to serve proper deposition notices as required by Fed. R. Civ. P. 30(b)(1).

More importantly, your associate has failed to address my demand that your office provide a written proposal suggesting means to ameliorate the prejudice caused to the defendants  by your firms failure to prepare interrogatory responses that the plaintiffs could properly verify  Apart from being in direct contravention of Fed. R. Civ. P. 33(b),  three of your clients appear to have perjured themselves by signing under oath the verifications prepared by your office, and  Mr. Alplaugh, after reviewing the interrogatory responses prepared for him, refused to sign after conceding that he could not attest to the veracity of his  information in the responses, that came from his attorneys.   I would suggest that your associate and you both  review 18 U.S.C. § 1622.  In any event, the conduct of your office has been completely unacceptable, and I will be contacting the Court shortly to request appropriate sanctions pursuant to Fed. R. Civ. P. 37(d) .  The sanctions I intend to seek include, among other things, an Order pursuant to 37(b)(2) either dismissing this action or precluding you from offering evidence in support of the claims raised in this action.   As a consequence, the question of the NYSP depositions may be academic.  In any event, we can discuss those deposition both  when we speak, and at the conference that I will be requesting with the magistrate judge.

Regards.

Douglas J. Goglia
Assistant Attorney General
Office of the Attorney General
The Capitol
Albany, New York  12224
tel:  (518) 474-6800
fax:  (518) 473-1572
douglas.goglia@ag.ny.gov

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

| | |
|---|---|
| **From:** | Douglas Goglia |
| **To:** | mproner@prolaw1.com;  Salottolo, Tobi |
| **CC:** | Roberts, David |
| **Date:** | 8/25/2010 8:06 PM |
| **Subject:** | RE: Wagner v. Schenectady |

Please have Mr. Proner call me and I will gladly discuss with him your request, as well as the depositions of the NYSP defendants, and your failure to prepare and provide interrogatory responses that your clients could verify without perjuring themselves.

Good evening.

Douglas J. Goglia
Assistant Attorney General
Office of the Attorney General
The Capitol
Albany, New York  12224
tel:  (518) 474-6800
fax:  (518) 473-1572
douglas.goglia@ag.ny.gov

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.


>>> Tobi Salottolo <TSalottolo@prolaw1.com> 8/25/2010 4:13 PM >>>
Mr. Golgia - Your e-mail is silent as to whether or not you have reconsidered your refusal to provide that NHTSA recommendations.  I would appreciate it if you would let me know by tomorrow whether or not they will be forthcoming so that Mitchell can request the confernece to discuss your refusal to provide same as soon as he gets back.  You of course can take up your issues with regard to the interrogatories at the same time.  I would also like to confirm that the depositions of Halvorsen, Sprague and Larkin are proceeding as scheduled on September 2nd and 3rd.

Tobi R. Salottolo

PRONER & PRONER
60 E. 42nd Street
New York, New York 10165
212-986-3030

-----Original Message-----
From: Douglas Goglia [mailto:Douglas.Goglia@ag.ny.gov]
Sent: Wednesday, August 25, 2010 3:29 PM
To: Tobi Salottolo
Cc: David Roberts; Brian Liebenow; MGoldberg@phillipslytle.com; Mitchell Proner
Subject: Wagner v. Schenectady


Ms. Salottolo:

Attached to the accompanying e-mail are electronic copies of the transcripts from the depositions of Messrs. Alplaugh and Fenwick.

I would appreciate it if you would expeditiously forward the stipulation of discontinuance pertaining to Mr. Alplaugh's claims, which you promised earlier.

With respect to the deposition of Mr. Swarts, I have conferred with GTSC, and he will not be produced in the absence of a

Court Order.  As you surely are aware,  Fed. R. Civ. P. 30(b)(1) requires a person desiring to take a deposition to serve a Notice of Deposition a reasonable time before the deposition is noticed to occur.   No notice of deposition has been served with respect to Mr. Swarts (or, for that matter, any other of the defendants in this action), and reasonable advance notice cannot be provided in the few weeks remaining before discovery cut-off, which falls on September 15, 2010.  In any event, my schedule is completely full through September 15.

Of course, you are  free to request an adjournment of the discovery cut-off from Magistrate Judge Homer.  While I will object to such an application, I may reconsider my position with respect to Mr. Swarts' deposition in the event that an adjournment is granted.

That being said, I reiterate that Mr. Swarts, the Commissioner of the Department of Motor Vehicles, and by virtue of that title, the Chairman of GTSC, has absolutely NO information or first-hand knowledge material to the claims or defenses in this action.  In fact, GTSC had no involvement in the motorcycle safety checkpoints whatsoever, other than allocating  NHTSA grant money to the NYSP for purposes relating to, among others, motorcycle safety initiatives.  And, while Mr. Swarts was the statutory Chair of the GTSC, he played no role in its day-to-day operations.  I thus can assure you that a deposition of Mr. Swarts would prove entirely unfruitful, and a complete waste of resources, time and money.

Now that I have the transcripts of all of the Plaintiffs' deposition, I expect to be contacting the Court within the upcoming days to request a conference at which to address the failure of all of the Plaintiffs' to provide proper interrogatory responses. Perhaps you can request a further extension of the discovery cut-off at that same conference.

I'd suggest that, in the interim, you carefully consider the deposition testimony of all of the plaintiffs.  I would suggest that you assess whether there is any good faith basis to continue litigating this matter, or whether doing so would merely serve to unreasonably multiply these proceedings.  With respect to your contention that "the checkpoints . . .  were prompted not to promote motorcycle safety but to harass and intimidate motorcyclists in retaliation for the death of Trooper Craig Todeschini,"  that contention is completely frivolous, not to mention tasteless and despicable.

Regards.


Douglas J. Goglia
Assistant Attorney General
Office of the Attorney General
The Capitol
Albany, New York  12224
tel:  (518) 474-6800
fax:  (518) 473-1572
douglas.goglia@ag.ny.gov

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

| | |
|---|---|
| **From:** | Douglas Goglia |
| **To:** | Salottolo, Tobi |
| **CC:** | Roberts, David |
| **Date:** | 8/23/2010 7:53 PM |
| **Subject:** | RE: Wagner v. Schenectady |

Ms. Salottollo

I've read the cases, and am quite comfortable with the relevant law.   You might want to look more closely at the entirety of the decision you cite, and Justice Rehnquist's dissent.  The issue here is not whether the checkpoints at issue were effective in addressing motorcycle safety issues.  Rather, it is whether the state police had **any valid reason** for conducting the checkpoints.  Given the documents produced by the defendants to date, any suggestion that the NYSP were without valid reason for conducting motorcycle safety checkpoints would be  frivolous.

Regarding the documents  you claim were not produced, the press release bearing production number NYSP 708 was highlighted, and not redacted. My recollection is that multiple copies were produced from different files.  In any event, and to the extent I am mistaken, the first "redacted" portion of the document read:

*"Too many motorcycle accidents are caused by distracted drivers who turn in front of motorcycles.  This public safety television commercial emphasizes the need for motorists to be mindful of motorcyclists traveling on the roadways this summer," Commissioner Naples said.   "By practicing smart highway safety behavior we will achieve greater levels of safety for all of New York's motoring public."*

The second highlighted portion reads:

*According to the most recent statistics available, nearly 4,500 motorcycle accidents occurred in New York State in 2004 with more than 150 people killed as a result of a motorcycle crash.  Driver inattention and distraction was specifically listed in approximately 13 percent of all motorcycle crashes.*

You need not take my word for it -- the release is publicly available at:  http://www.nysgtsc.state.ny.us/press/pr-0060806.htm  .

While there, you may also want to look at this one:  http://www.safeny.com/press/pr-070610.htm.

I particularly like the part that reads:

"*preliminary crash data from 2009 indicates a more than six percent decrease in overall traffic fatalities,* **a more than seventeen percent decrease in motorcycle fatalities** *and a more than twenty-nine percent decrease in bicycle fatalities. . . .  Additionally,* **data from the DMV shows that in 2009 motorcycle fatalities went from 188 to 155** *. . . ."*  (emphasis added).

Indeed, by your logic, it would seem that the motorcycle safety checkpoints in fact were effective!

Regarding recommendations which were made in January 2008 by the Motorcycle Safety Program Assessment team from NHTSA , I fail to see how they are material to the claims or defenses that may be raised in this action.

With respect to a conference with Magistrate Judge Homer, I think it is a very good idea, as we then can  discuss plaintiffs' failure to provide verifiable interrogatory responses and the means by which any resulting prejudice to the defendants can be alleviated.  In fact, should I not receive a written proposal from you by the close of business tomorrow, in which you suggest means to ameliorate any prejudice caused to the defendants, I will be requesting a conference with the Magistrate Judge in anticipation moving for an appropriate sanction pursuant to Fed. R. Civ. P. 37(d).   Please consider this e-mail my good faith effort resolve this matter, as required by Local Rule 7.1(d).

In the meanwhile, I will confer with Mr. Swarts to determine whether he can be made available before the discovery cutoff.

Regards.


tsalottolo@prolaw1.com> 8/23/2010 4:32 PM >>>
Doug - With all due respect, perhaps you are the one who should take a
look at the relevant case law. The constitutionality of  checkpoints

like the one at issue depends on a balancing of the competing interests at stake, the effectiveness of the program and the subjective intentions that prompted it. Indianapolis v. Edmond, 531 U.S. 32, 121 S. Ct. 447 (2000).   It is plaintiff's contention that the records which you have produced to date indicate, among other things, that the checkpoints do not effectively address the major causes of motorcycle accidents and that they were prompted not to promote motorcycle safety but to harass and intimidate motorcyclists in retaliation for the death of Trooper Craig Todeschini.  Because the effectiveness of the checkpoints will play a role in determining their constitutionality, the testimony of Mr. Swartz is indeed relevant.  Also relevant, are the recommendations which were made at the request of his committee in January of 2008 by the Motorcycle Safety Program Assessment team from NHTSA and the unredacted copy of the GTSC news release dated June 8, 2006 (NYSP 708), both of which you have yet to provide.

In view of the foregoing I would still like to schedule the deposition of Mr. Swartz and would appreciate it if you would let me know by the end of the week if it will be necessary for us to seek judicial intervention in that regard and in order to obtain copies of the NHTSA recommendations and an unredacted copy of the news release.

Tobi

Tobi R. Salottolo
PRONER & PRONER
60 East 42nd Street
New York, New York  10165
212-986-3030
212-953-2079 (facsimile)

-----Original Message-----
From: Douglas Goglia [mailto:Douglas.Goglia@ag.ny.gov]
Sent: Monday, August 23, 2010 10:15 AM
To: Tobi Salottolo
Cc: David Roberts
Subject: Re: Wagner v. Schenectady

Tobi:

Why don't you research and read the relevant law regarding random traffic stops and read the deposition testimony of your clients and then get back to me if you still want further depositions.  Your clients virtually admitted that there was probable cause to stop each and every one them, and in any event, the stops, even as described by your clients, fully comported with the Fourth Amendment to the United States Constitution and controlling Supreme Court precedent.  Interestingly, even your clients considered laughable or "funny" the claim that motorcyclists were discriminated against vis a vis drivers of automobiles.

With regard to Swartz, he wasn't at the stops, and hence, had no personal involvement in the purported violations. (Personal involvement is required to assert a 1983 violation).

If you want more depositions, it's your dime.  But you should remain mindful of the fact that defendants anticipate that they eventually will move for, among other things, attorneys' fees under 28 USC 1927.

My strong  sense is that a Swarts deposition will be useless and wasteful.  Defendants  already have produced  reports and statistics regarding motorcycle safety, and a Court can take judicial notice of the fact that motorcycle accidents result in fatalities, and that DOT helmet

standard were adopted to reduce the frequency of dehabilitating head injuries.  Do you really need depositions to get testimony to this effect?

You should take the deposition of Halverson, and then decide if you want to waste more money on further depositions.  My sense is that once the Halverson deposition has been completed, we will be prepared to have this matter decided on the law, and we should consider a briefing schedule that we can propose to the Court for our motion for summary judgment rather than waste more time an money on depositions.

Just let me know your pleasure.

Douglas J. Goglia
Assistant Attorney General
Office of the Attorney General
The Capitol
Albany, New York  12224
tel:  (518) 474-6800
fax:  (518) 473-1572
douglas.goglia@ag.ny.gov

The information contained in this transmission may contain privileged
and confidential information.  It is intended only for the use of the
person(s) named above. If you are not the intended recipient, you are
hereby notified that any review, dissemination, distribution or
duplication of this communication is strictly prohibited.  If you are
not the intended recipient, please contact the sender by reply e-mail
and destroy all copies of the original message.

Douglas J. Goglia
Assistant Attorney General
Office of the Attorney General
The Capitol
Albany, New York  12224
tel:  (518) 474-6800
fax:  (518) 473-1572
douglas.goglia@ag.ny.gov

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

>>> Tobi Salottolo <TSalottolo@prolaw1.com> 8/17/2010 4:28 PM >>>
Doug - I've discussed your recent e-mails with Mitchell who is out of country and have received the ok to discontinue Alpaugh's claim and will forward the additional stipulation.  With regard to the other issues we would like to depose Swartz ( he's the head of the Governor's traffic safety commission and I think we may be able to get good testimony from him re the lack of any evidence that these stops promote safety) before deciding whether or not to discontinue as to him.  Do you think we can fit him on either the 2nd or 3rd. We still intend to seek the certify class if we prevail on the summary judgment motions.

-----Original Message-----

PRONER & PRONER

Attorneys At Law

60 E. 42nd Street

New York, New York  10165

212-986-3030   - Phone

212-953-2079   - Fax

| | |
|---|---|
| **From:** | Douglas Goglia |
| **To:** | mproner@prolaw1.com;  Salottolo, Tobi |
| **CC:** | Liebenow, Brian;  mgoldberg@phillipslytle.com;  Roberts, David |
| **Date:** | 8/12/2010 5:52 PM |
| **Subject:** | Fwd: RE: Wagner v. Schenectady |
| **Attachments:** | RE: Wagner v. Schenectady |

Mr. Proner:

I received in the mail the Stipulation of Discontinuance you prepared with respect to the claims asserted against Erie and Schenectady County Defendants.  It was my understanding that you  would be discontinuing Sidney Alplaugh's claims against the NYSP defendants as well, so we could streamline this litigation by focusing on the single motorcycle safety checkpoint held in Schenectady County on June 20, 2008, in conjunction with the Harley Rendezvous.

Please let me know if my understanding is incorrect, or whether you intend to prepare a separate Stipulation of Discontinuance.

Thank you in advance.


Douglas J. Goglia
Assistant Attorney General
Office of the Attorney General
The Capitol
Albany, New York  12224
tel:  (518) 474-6800
fax:  (518) 473-1572
douglas.goglia@ag.ny.gov

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

Case 1:09-cv-00652-GLS-DRH   Document 51-9   Filed 08/27/10   Page 9 of 9

| | |
|---|---|
| **From:** | Douglas Goglia |
| **To:** | Proner, Mitchell;  Salottolo, Tobi |
| **CC:** | Liebenow, Brian;  mgoldberg@phillipslytle.com |
| **Date:** | 8/10/2010 12:35 PM |
| **Subject:** | RE: Wagner v. Schenectady |

Mr. Proner:

This e-mail will confirm our telephone call of late last week.

My understanding is that you are discontinuing both Sidney Alplaugh's claims again the State Defendants, and the claims of all Plaintiffs against the Schenectady and Erie County Defendants.  Thus, the sole issue remaining to be litigated in this action is the constitutionality of the motorcycle checkpoint conducted by the New York State Police ("NYSP") that took place in Schenectady County in conjunction with the Harley Rendezvous on June 20, 2008.  You will be preparing a proper stipulation of discontinuance that will be circulated  for all counsel to review.

We also discussed whether there is any need to prosecute this action as a class action.  As I pointed out, if  this litigation ultimately results in a decision adverse to the NYSP, the NYSP will be bound  to comply with that decision under the doctrine of stare decisis.  Plaintiffs also would be entitled to attorneys' fees as the prevailing parties under 42 U.S.C. 1988, even in the absence of class certification.  Thus, there is no good reason to continue litigating this matter as a class action, and to do so would unnecessarily multiply the proceedings, and increase the expense and burden to both sides in this litigation.

My suggestion would be that, in the interests of streamlining this action, you withdraw your class allegations and continue to litigate the remaining claims against the NYSP  on behalf of the three remaining defendants.   After you complete your depositions, we will move for summary judgement, and you can consider making an appropriate cross-motion.  After deposing your clients, my strong sense is that the material facts in this action are not in dispute, and that this matter will be resolved on motion.  If you think it would be productive, perhaps we can discuss a motion briefing schedule once your depositions have been completed.

 I also question whether there is a reason for you to keep David Swarts (the Chair of the Governor's Traffic Safety Committee)  in the lawsuit.  As you undoubtedly know, "personal involvement of defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983."  Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).   There does not seem to be any dispute that Mr. Swarts was not present at the June 20, 2009 motorcycle safety checkpoint (or at any other checkpoint), and therefore could not have been personally involved in any purported constitutional violation.  In any event, you either will or will not get the result and relief you seek by prosecuting your claims against the NYSP alone.  Again, in the interests of streamlining this action, I suggest that you consider discontinuing the claims against Mr. Swarts.

Please let me know when I can expect to receive a proposed Stipulation of Discontinuance and if you have questions, please call.


Regards.

Douglas J. Goglia
Assistant Attorney General
Office of the Attorney General
The Capitol
Albany, New York  12224
tel:  (518) 474-6800
fax:  (518) 473-1572
douglas.goglia@ag.ny.gov

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.